UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FREDDY ALVARADO QUEZADA,

               *Petitioner,*

   – against –

RAUL MALDONADO, JR., *in his official capacity as Warden of Brooklyn Metropolitan Detention Center*; TODD LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *in his official capacity as Secretary, U.S. Department of Homeland Security*; TODD BLANCHE, *in his official capacity as Acting Attorney General, U.S Department of Justice*; and KENNETH GENALO, *in his official capacity as Field Office Director, New York City Field Office, U.S. Immigration and Customs Enforcement,*

               *Respondents.*

---

**MEMORANDUM & ORDER**
26-cv-04028 (NCM)

---

**NATASHA C. MERLE**, United States District Judge:

On October 28, 2025, U.S. Immigration and Customs Enforcement ("ICE") agents arrested and detained petitioner Freddy Alvarado Quezada. Pet. for Writ of Habeas Corpus ("Petition") ¶¶ 1, 30, ECF No. 1.[1] Petitioner is currently being detained by respondents at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Pet. ¶¶ 2, 11, 34. Petitioner now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. 1. For the reasons discussed below, the petition is **GRANTED**.

---

[1]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

## BACKGROUND

Petitioner is a native of Ecuador. Pet. ¶ 1. He arrived in the United States in July 2011, entering without inspection, and has remained here since. Pet. ¶ 22. In 2025, he married his U.S. citizen wife, with whom he has been in a stable, committed relationship since 2013. Pet. ¶ 23. Petitioner owns his own construction company and provides for his wife, who has significant, ongoing medical problems. Pet. ¶¶ 25, 27-28. He also provides for his son and his wife's parents abroad. Pet. ¶ 27.

Petitioner was detained by ICE on October 28, 2025, *see* Pet. ¶¶ 1, 30. On January 15, 2026, while detained in the Orange County Jail in Goshen, New York, petitioner filed a petition for a writ of habeas corpus. *See* Petition, *Alvarado Quezada v. Ladeon Francis,* 26-cv-00387 (S.D.N.Y., January 15, 2026), ECF No. 1. On February 11, 2026, District Judge John Cronan of the United States District Court for the Southern District of New York denied that initial habeas corpus petition on the ground that petitioner was subject to mandatory detention under Section 1225(b)(2)(A). Opinion and Order, *Alvarado Quezada v. Ladeon Francis,* 26-cv-00387 (S.D.N.Y., February 11, 2026), ECF No. 8. Petitioner was subsequently transferred to the MDC, where he is currently being held by respondents, Pet. ¶ 34.

Following Judge Cronan's decision on petitioner's initial habeas petition, the Second Circuit decided *Barbosa da Cunha v. Freden,* which held that Section 1225(b)(2)(A) does not apply to noncitizens, like petitioner, who are living in the country without ever having been admitted and thus are not presently "seeking admission." 175 F.4th 61, 74 (2d Cir. 2026).

Petitioner commenced the instant action on July 6, 2026, by filing a petition for a writ of habeas corpus, arguing, *inter alia*, that his detention pursuant to Section

1225(b)(2)(A) is unlawful under *Barbosa da Cunha*. *See* Pet. ¶ 7. The same day, the Court issued an order directing respondents to submit a letter stating: (1) whether they continue to hold petitioner under 8 U.S.C. § 1225(b)(2)(A), as was argued in petitioner's prior *habeas* case, *see Alvarado Quezada v. Ladeon Francis*, 26 Civ. 387 (S.D.N.Y., February 11, 2026), ECF No. 8; and (2) whether the Second Circuit's decision in *Barbosa da Cunha*, controls, or whether otherwise there is any material basis to distinguish the instant case from this Court's prior decisions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Terrero v. Tsoukaris*, No. 26-cv-00869, 2026 WL 607917 (E.D.N.Y. Mar. 4, 2026), *Meza v. Francis*, No. 26-cv-02722, 2026 WL 1734903 (E.D.N.Y. June 16, 2026), or any other decision of this Court. Scheduling Order 2–3, ECF No. 4.

On July 7, 2026, the government filed a response, stating that petitioner is currently subject to detention under 8 U.S.C. § 1226(a) but conceding that this Court's "decision in *Meza*, as well as Judge Bulsara's decision in *Inestroza Carbajal*, [No. 26-CV 2778-SJB, 2026 WL 1309265, at *1 (E.D.N.Y. May 12, 2026)] would dictate the outcome here," *i.e.*, that the petition be granted. Gov't Ltr. Dated July 7, 2026 ("Gov't Ltr.") at 1, ECF No. 6. The government accordingly submitted that this case "can be decided without further briefing" and without the hearing currently scheduled for July 13, 2026. Gov't Ltr. at 2.

Although petitioner has not yet filed a reply, "[t]he Court issues the instant Order before [p]etitioner's deadline to file a reply in light of its obligation to determine the facts, and dispose of habeas petitions expeditiously, as law and justice require." *Ccorihuaman v.*

3

*Genalo*, No. 26-cv-00554, 2026 WL 328983, at *1 (E.D.N.Y. Feb. 6, 2026) (quoting 28 U.S.C. § 2243).[2]

## LEGAL STANDARD

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 290, (E.D.N.Y. Nov. 28, 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

## DISCUSSION

Petitioner contends, among other arguments, that he is being detained in violation of the Immigration and Nationality Act ("INA"). Pet. ¶¶ 49–51.[3] Respondents concede that this Court's "decision in *Meza*, as well as Judge Bulsara's decision in *Inestroza Carbajal*, [No. 26-CV 2778-SJB, 2026 WL 1309265, at *1 (E.D.N.Y. May 12, 2026)] would dictate the outcome here," *i.e.*, that the petition be granted, even though "Petitioner here, unlike Meza, was arrested pursuant to 8 U.S.C. 1357(a)(2)." Gov't Ltr. at 1.

---

[2]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

[3]    The Court does not reach any other claim raised by petitioner. *See, e.g.*, Pet. ¶¶ 52–72.

Accordingly, for the reasons stated by this Court in *Meza*, which the Court incorporates here by reference, the Court concludes that petitioner is being unlawfully detained pursuant to 8 U.S.C. § 1226(a).[4]

Moreover, as this Court opined in *R.J.S.R v. Mullin,* "even if petitioner's arrest was valid as the government claims, that does not answer the question of ICE's initial legal basis for his detention." No. 26-CV-03611 (NCM), 2026 WL 1803649, at *2 (E.D.N.Y. June 23, 2026) (citing *Curimilma Quille v. Blanche*, No. 26-cv-02818, 2026 WL 1453889, at *4–5 (E.D.N.Y. May 22, 2026) (observing that "Section 1357(a)(2)[] provides ICE with limited authority to conduct warrantless arrests," but that Section 1226(a) nonetheless affords an arrestee "an initial custody determination *before* . . . discretionary detention")). Here, the government maintains that "[w]hile Petitioner was originally [detained] pursuant to 8 U.S.C. § 1225(b)(2)(a), ICE changed its detention authority . . . to 8 U.S.C. § 1226(a) in light of the Second Circuit's decision [in *Barbosa da Cunha*]," and "ICE conducted a custody redetermination on May 10, 2026, which was served on Petitioner on June 7, 2026"—seven months and 11 days after his arrest and detention. Gov't Ltr. at 1.

But Section 1226(a) requires an initial custody determination, not an eventual one. *Inestroza Carbajal v. Frazier*, No. 26-cv-02778, 2026 WL 1309265, at *2 (E.D.N.Y. May 12, 2026) ("Respondents cannot 'cure' their procedural failures . . . by now providing a custody determination[] three weeks after arrest."). And "[r]espondents' change in legal

---

4    For the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing in *Meza. See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at *3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future.").

position, post-hoc rationalizations, and attempts to remedy do not vitiate a[ ] . . . detention that was illegal from its inception." *Inestroza Carbajal*, 2026 WL 1309265, at \*5. Put differently, what began as an illegal detention did not become legal because ICE found a different source of legal authority.

"Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.

## CONCLUSION

For the foregoing reasons, the Court holds that petitioner's detention violates the INA. The petition for a writ of habeas corpus is therefore **GRANTED**.

Respondents are directed to release petitioner from custody within 24 hours of this Order and file a letter on the docket no later than 12:00 p.m. on July 10, 2026 certifying their compliance. The Court further orders that petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at \*8–9 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman*, 2026 WL 328983, at \*2. This Order includes "an injunction barring deprivation of [petitioner's] rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at \*8; *see also Ccorihuaman*, 2026 WL 328983, at \*2.

6

Respondents' July 9, 2026, deadline to file a full response, petitioner's July 13, 2026, deadline to file a reply, and the hearing scheduled for July 14, 2026, are hereby adjourned *sine die.*

Should the petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of this Order. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

 /s/ Natasha C. Merle
NATASHA C. MERLE
United States District Judge

Dated:      July 8, 2026
            Brooklyn, New York